UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WANG YI CHAO,<br><br>                Petitioners,<br><br>    v.<br><br>ALBERTO GONZALES et al.,<br><br>                Defendants. | Case No.: C07-1562 PVT<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DISMISSING CLAIMS AGAINST DEFENDANTS GONZALEZ, QUARANTILLO, AND MUELLER; AND DENYING DEFENDANT CHERTOFF'S MOTION FOR SUMMARY JUDGMENT |

**I.    INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff Wang Yi Chao entered the United States on September 25, 2004, as a visitor for pleasure, with permission to remain until December 24, 2004. (Declaration of Hamzeh Sarsour, p. 1 ¶ 3, D's Mtn, Exh. A) (hereinafter "Sarsour Decl."). On October 4, 2004, Plaintiff applied to adjust her status to that of a lawful permanent resident, based on her marriage to a United States citizen. (*Id*. at ¶¶ 3-4.)  On October 14, 2004, United States Citizenship and Immigration Services ("USCIS") requested a name check of Plaintiff from the FBI. (*Id.* at ¶ 6.) Plaintiff's name check remains pending.  (*Id.* at ¶ 6; *see also* Declaration of Michael Cannon, at ¶ 39, D's Mtn Exh. B)(hereinafter "Cannon Decl.").

Plaintiff seeks to compel USCIS to adjudicate her I-485 application for adjustment of status to Lawful Permanent Resident ("LPR").  The parties agreed to resolve this matter by cross-motions for summary judgment.  For the following reasons, Plaintiff's Motion for

Summary Judgment is GRANTED, the Claims against Defendants Gonzalez, Quarantillo, and Mueller are DISMISSED, and Defendant Chertoff's Motion for Summary Judgment is DENIED.

## II. LEGAL STANDARDS

### A. Immigration and Nationality Act

The Immigration and Nationality Act, 8 U.S.C. § 1255 ("INA") provides:

> The status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255 (a). USCIS, along with the FBI, conducts several forms of security and background checks to make sure the applicant is eligible for adjustment of status and does not pose a security risk. The statute sets forth no time frame in which a determination must be made.

### B. Administrative Procedure Act

The Administrative Procedure Act ("APA") requires: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. 555(b). Under the APA, "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. " Agency action" includes a failure of the agency to act and courts are empowered to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

In order to invoke jurisdiction under the APA, a petitioner must show that: "(1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed in acting on that duty. Once a petitioner has proven a right to relief under the circumstances, it is the reviewing court's duty to 'compel agency action unlawfully withheld or unreasonably delayed.'" *Gelfer v. Chertoff et al.*, 2007 WL 902382 at *1 (N.D. Cal. March 22, 2007), *citing Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63-65 (2004) ("SUWA").

The APA alone does not provide an independent basis for subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 107 (1977). However, jurisdiction is present when the APA is combined with 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### C. The Mandamus Act

In order to obtain mandamus relief, Petitioner must show that "(1) [his] claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). "Relief under mandamus and the APA are virtually equivalent when a petitioner seeks to compel an agency to act on a nondiscretionary duty." *Gelfer*, 2007 WL 902382 at *3, citing *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir.1997) (finding relief sought "essentially the same" under Mandamus and APA and electing analysis under the APA). Because the same relief is sought and jurisdiction is present under the APA, this order need not address Plaintiff's Mandamus claim. *Gelfer*, 2007 WL 902382 at *3.

### D. Summary Judgment

Summary judgment is appropriate when the movant demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A "material" fact is one which might affect the outcome of the case under the applicable law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if a reasonable jury could return a verdict for the non- moving party. *Id.* The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, (1986). The parties agree that the facts are undisputed. This issue is, on these undisputed facts, is whether the delay is, as a matter of law, reasonable or unreasonable.

## III. DISCUSSION

### A. Proper Defendants

Defendants seek dismissal of all defendants except Chertoff, in his capacity as Secretary

of the Department of Homeland Security. Plaintiff has no objection to dismissing Defendants Emilio T. Gonzalez, Quarantillo, and Mueller from this action, but objects to the dismissal of Defendant Alberto Gonzales, in his capacity as Attorney General of the United States. Plaintiff argues that Gonzales is a proper defendant because the Immigration and Nationality Act ("INA") specifically authorizes the Attorney General of the United States to adjust the permanent resident status of certain aliens who reside in the United States. On March 1, 2003, the Department of Homeland Security and , under it, the USCIS, assumed responsibility for the adjustment program. 6 U.S.C. § 271(b). Accordingly, the discretion formerly vested in the Attorney General is now vested in the Secretary of Homeland Security. 6 U.S.C. § 551(d).

Plaintiff argues that Gonzales is a proper defendant because the Attorney General is in charge of the Department of Justice, which is in charge of the FBI. *See Singh v. Still*, 470 F.Supp.2d 1064, 1068 (N.D.Cal. 2007). Plaintiff has not identified any statute or regulation establishing a nondiscretionary duty on the part of the FBI to process name checks for adjustment of status applications. *Id., see also Clayton v. Chertoff*, 2007 WL 2904049 (N.D. Cal. Oct. 1, 2007) at *3. Instead, the FBI's involvement in adjudicating I-485 applications arises by contract between USCIS and the FBI. (Cannon Decl. ¶ 21.). Accordingly, this Court has no jurisdiction to compel the FBI to complete the background check and the claims against Defendant Mueller are dismissed. *Konchitsky v. Chertoff*, 2007 WL 2070325 (N.D.Cal. Jul 13, 2007) at*6.

### B. Discretionary Functions

The government argues that relief is not available under either the APA or Mandamus because the decision of whether to adjudicate status is discretionary. As this Court, and every judge in this district have already decided, the decision of whether grant adjustment of status is discretionary, but the duty to adjudicate is not discretionary. *See e.g. Abbasfar v. Michael Chertoff* 2007 WL 2409538, (N.D.Cal., August 21, 2007).

The government next argues that there is no right to any decision within any time frame. The APA, however, requires that adjudication be completed within a reasonable time frame. *E.g. Konchitsky v. Chertoff*, 2007 WL 2070325 at * 4 (N.D.Cal. Jul 13, 2007). As another Court

within this district recently held:

> To accept Defendants' argument that timing is always a matter of discretion beyond the Court's power to intervene would enable them to avoid judicial review even of adjudications that were postponed indefinitely. This would eviscerate § 706(1) of the APA, which clearly gives the Court the power to 'compel agency action ... unreasonably delayed.'

*Clayton v. Chertoff*, 2007 WL 2904049 at *5 (N.D.Cal. Oct 01, 2007).

Next the Government argues that the FBI name check is discretionary and the adjudication is dependent on the name check. Accordingly, the government argues, the adjudication cannot be compelled because it is discretionary. By law, a person cannot be naturalized without confirmation of an FBI full criminal background check. 8 CFR 335.2(b). In contrast, as discussed above, the FBI name check is not required by law to grant an I-485, it is only a matter of contract. Accordingly, the USCIS's decision to subcontract the background check to the FBI does not transform its nondiscretionary duty to adjudicate the petitions into a discretionary function. *See Clayton*, 2007 WL 2904049 at *4 (Any order of this Court would bind only the USCIS and Department of Homeland Security and it would be up to them to figure out how to comply.)

**C.     Reasonableness of the Delay**

To determine whether a delay is egregious, such that relief under the APA is warranted, the Ninth Circuit has adopted the test first articulated in *Telecomm. Research and Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC"). The TRAC factors include:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulations are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay;
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001).

        1. <u>The TRAC Factors</u>

                a. Factor 1 - Actions Governed by Rule of Reason

The government argues that the first factor favors it because the FBI's practice of handling background checks is reasonable. The FBI uses a four step process. In the first step, the USCIS submits a tape with 10,000 names for processing. These names are automatically fed into a computer. This stage takes forty-eight to seventy-two hours and resolves sixty-eight percent of the names. (Cannon Decl. ¶ 13.) The second step involves a person manually typing in a name and checking various fields on a computer screen. This step takes thirty to sixty days and resolves another twenty-two percent of the names, resulting in ninety percent clearance in two months. (*Id.* at ¶ 14.) The FBI cannot provide any estimate of the processing time required for the remaining ten percent. The FBI explains that at these stages, a person must look at records, which before October 1995 are only on paper and possibly located in multiple field offices. (*Id.* at ¶ 27). At each stage, the FBI "generally follows a first-in, first-served protocol." (*Id.* at ¶ 18.) The government also argues that granting relief "would, at best, reorder the queue of applications, thereby leading to little net benefit." *Sze v. INS*, 1997 WL 446236, at *8 (N.D. Cal. Jul. 24, 1997). The government neglects to mention that the Court in *Sze* began the quoted sentence with "Assuming constant resources." The Cannon declaration states the FBI is attempting various solutions, including hiring more people and deploying better technology, to decrease delays. Thus, there is no reason to assume constant resources. Moreover, shifting resources to the ten percent of the people who are most at risk of not receiving an adjudication within a reasonable period of time would result in a net benefit. Accordingly, the first TRAC factor does not strongly favor either side.

                b. Factor 2 - Timetable or Other Indication of Speed

The government argues that the second factor is not applicable because there is no time frame mandated by statute. As Plaintiff argues, however, congress has provided an indication in the Immigration Services and Infrastructure Improvement Act to improve the efficiency and processing infrastructure of the immigration system. The Act explicitly states: "It is the sense of

the Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application…" 8 U.S.C § 1571(b).  Accordingly, this factor favors granting the petition.

       c.  Factor 3 - Effect on Human Health & Welfare ad Economic Harm

The third factor is the delay's impact on human health, welfare, and economic harm to Plaintiff.  This factor's analysis overlaps with the analysis of the fifth TRAC factor, the nature and extent of the interests prejudiced by the delay. *TRAC*, 750 F.2d at 80.  Plaintiff argues that the harm is delay before naturalization, travel and work restrictions and uncertainty.  *See also Singh v. Still*, 470 F.Supp.2d 1064, 1070 (N.D.Cal. 2006) (noting the value of the right of a Lawful Permanent Resident to petition to immigrate close family members).

While a court must value the human over the commercial, there are no specific harms enumerated.  As the government argues, an alien who has applied for adjustment of status may apply for an obtain employment authorization for the entire time his or her application is pending.  (Sarsour Decl. ¶ 15).  Similarly most applicants can obtain advance parole to enable them to travel during the pendency of their application for adjustment of status.  (*Id.*)  Accordingly, this factor is mixed, but on balance weighs in favor of granting the petition.

       d.  Factor 4 Effect of Expediting Delayed Action on Agency Activities of a Higher or Competing Priority

The government argues that this factor weighs in its favor because the FBI has competing activities of higher priority. *See Walters v. Reno*, 145 F.3d 1032, 1043 (9th Cir. 1998) ("The Government's interests in the administration of its immigration laws and in preventing [immigration related] document fraud are likewise considerable."); *see also Razaq v. Poulos*, 2007 WL 61884 at * 12 (N.D. Cal. Jan. 8, 2007).  The Court recognizes the important work done by the FBI in safeguarding our national security.  Indefinite inaction, however, is not in the interests of national security.  If there is a legitimate national security concern with people currently living and working in the United States, prompt security checks are in the interests of national security.  *Dong v. Chertoff*, 2007 WL 2601107 at *10(N.D.Cal. Sep 06, 2007);  *Toor v. Still*, 2007 WL 2028407 at *2 (N.D.Cal. Jul 10, 2007).

The government also argues that granting relief would only favor the wealthy and litigious. Mechanisms exist, however, to allow access for all to the courts. Applicants who cannot afford to file suit can file IFP and attorneys fees are potentially available under the Equal Access to Justice Act. Accordingly, filing suit is not necessarily confined to the wealthy. Moreover, as Plaintiff argues, she has been waiting far longer than most applicants. *See Dong*, 2007 WL 2601107 at *12 (granting summary judgment for petitioner who had more than waited his turn). Accordingly, this factor only weighs slightly in favor of granting the petition.

Examining the TRAC factors, the Court finds that the factors are mixed in this case and do not lead to any clear resolution.[1] Accordingly, the Court turns to additional caselaw relating to delays in processing immigration applications in order to develop a framework in addition to the TRAC factors to resolve when a delay in this context is unreasonable.

### 2.    Passage of Time and Specific Showing of Threat to National Security

The government argues passage of time is not enough to make a delay unreasonable. *Singh v. Ilchert*, 784 F.Supp. 759, 765 (N.D. Cal. 1992) ("The passage of time alone is rarely enough to justify a court's intervention in the administrative process, especially since administrative efficiency is not a subject particularly suited to judicial evaluation."). The Government's reliance on *Singh* is misplaced. In that case, the court refused to second guess the ninety day time frame the agency had set up as reasonable to adjudicate applications for employment authorization. The court dismissed the claim because no delay longer than the 90 days allotted by the INS was alleged. Thus, the case is inapposite and not persuasive.

Plaintiff argues that the passage of time requires the government to demonstrate some evidence that she poses a national security risk. The Court agrees and adopts the framework suggested in *Razaq v. Poulos*, 2007 WL 61884 (N.D. Cal. Jan. 8, 2007). In order to prevail, a Plaintiff must first show that an amount of time has passed that is presumptively unreasonable. At that point, the burden shifts to the government to show "by competent evidence that speaks in

---

[1] Factor Five overlaps with Factor 3. Factor 6 merely states that impropriety need not be alleged to show unreasonable delay.

detail to special circumstances and justifications, that a period that a period that appears presumptively excessive is not unreasonable." *Id.* at * 13;  *see also Konchitsky v. Chertoff*, 2007 WL 2070325 at * 6 (N.D.Cal. Jul 13, 2007) ("without a particularized explanation for the delay, the court finds the more than two year delay of plaintiff's I-485 application unreasonable as a matter of law); *Santillan v. Gonzales*, 388 F.Supp.2d 1065, 1082 (N.D.Cal., 2005) (Absent particularized individual showing of serious risk to national security, defendants' national security argument cannot excuse the administrative backlogs and bureaucratic delay.); *Gelfer v. Chertoff*, 2007 WL 902382 at *2 (N.D. Cal. March 22, 2007) (finding unreasonable delay depends on specific facts of the particular case); *Singh v. Still*, 470 F.Supp.2d 1064, 1069 (mere invocation of national security is not enough to render agency delay reasonable per se); *Yu v. Brown*, 36 F.Supp.2d 922, 932 (D. N.M. 1999)(Two and a half year delay unreasonable amount of time to process a routine application and requires an explanation).

This Court agrees with the holdings of other courts within the district that a delay of two years is presumptively unreasonable as a matter of law. *Dong v. Chertoff*, 2007 WL 2601107 (N.D. Cal. Sept. 6, 2007) (holding delay of close to two years unreasonable as a matter of law); *Gelfer*, 2007 WL 902382 at *3 (holding that a more than two year delay in processing I-485 application unreasonable as a matter of law); *Clayton v. Chertoff*, 2007 WL 2904049 at * 6 (N.D. Cal. Oct. 1, 2007) (recognizing that courts within the district have adopted two years as an unreasonable amount of time.)

In this case, Plaintiff has been waiting since October of 2004, over three years.  This delay is presumptively unreasonable.  The government has made no showing of any special circumstances or justifications relating to this Plaintiff specifically that would rebut the presumption that such a delay is unreasonable.  Accordingly, the delay is unreasonable.

**D.     Fees Under the Equal Access to Justice Act**

Plaintiff also asks the Court to grant reasonable attorney's fees pursuant to the Equal Access to Justice Act ("EAJA")  28 U.S.C. § 2412.  The government argues that, if the Plaintiff is granted summary judgment, it wants to fully brief the issue of the availability of fees under the EAJA.  The Court agrees that full briefing on this issue is appropriate.  Accordingly, if Plaintiff

ORDER, *page 9*

still seeks fees, she shall file a Motion for fees under the EAJA and the motion shall be briefed and heard on the normal schedule set forth in the Federal Rules of Civil Procedure.

**IV.   CONCLUSION**

For the Foregoing Reasons, the Court finds that the action sought to be compelled, adjudication of the I-485 petition, is a non-discretionary act that has been unreasonably delayed. Accordingly, It Is Hereby Ordered that:

1. The claims against, the Claims against Defendants Emilio TGonzalez, Quarantillo, and Mueller are DISMISSED;
2. Plaintiff's Motion for Summary Judgment is GRANTED;
3. Defendant Chertoff's Motion for Summary Judgment is DENIED; and
4. Defendant Chertoff is Ordered to adjudicate Plaintiff's I-485 petition within sixty days from the date of this Order.

IT IS SO ORDERED.

Dated: October   15,  2007

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge